IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>v.<br><br>**JESÚS ARIAS-LARA,**<br>Defendant. | **Crim. No. 25-003 (CVR)** |

**SENTENCING MEMORANDUM**

TO THE HONORABLE COURT:

Mr. Arias has been detained since December 23, 2024. By the time of his sentencing on April 29, 2025, he will have spent 127 days in prison, or four months and five days. We respectfully request that the Court sentence him to time served, a sentence squarely within the applicable guideline range of one to seven months. *See* PSR, DE-23 at 12.

Mr. Arias is a non-violent offender, who came to the United States seeking financial stability. He has accepted full responsibility for his actions, promptly pleaded guilty, and recognized his wrongdoing. He respectfully requests that the Court accept his sincere repentance and grant him mercy so he can return to his home and begin carving out a life that allows him to support his family.

**I.    The GSR adequately accounts for Mr. Arias's remote criminal history.**

Prior to his 2015 conviction for unlawfully entering the United States, Mr. Arias's most recent conviction was in 2001. The remoteness of those convictions — and the non-violent nature of his most recent conviction — is a relevant factor in determining an appropriate sentence in this case. *See Pepper v. United States*, 562 U.S. 476, 492 (2011) (holding that a defendant's recent conduct is highly relevant to sentencing because it

provides the most up-to-date picture of the Arias's "history and characteristics" and the likelihood of recidivism). Furthermore, the most recent conviction is already accounted for in his guidelines sentencing range.

While the 2015 conviction falls within the 15-year window, it occurred nearly a decade ago, highlighting the passage of time and the remoteness of his criminal conduct. Nevertheless, because the 2001 conviction, and any prior conviction before it, falls outside the 15-year window preceding the instant offense, it does not contribute to his criminal history score under U.S.S.G. §4A1.2(e)(1) and (3). The remoteness of Mr. Arias's prior convictions is significant, and the Sentencing Guidelines appropriately take such circumstances into account to avoid imposing an unreasonable sentence.

## II.     Mr. Arias's goals lie in the Dominican Republic.

The Supreme Court has recognized that a sentence should reflect not only the history of the offense but also the individual before the court at the time of sentencing. *United States v. Bryson*, 229 F.3d 425, 426 (2nd Cir. 2000). In Mr. Arias's case, his age (56 years old) and recent conduct, demonstrates meaningful rehabilitation and a low likelihood of recidivism. As acknowledged in the Presentence Report, his recognition of his advanced age and his desire to return to his home country and work in the fields offer a current and accurate reflection of his character.

Raised in a close-knit household, Mr. Arias's primary goal is to reunite with his family and contribute to their well-being. His mother, sisters, and half-siblings continue to reside in the Dominican Republic. He is deeply committed to reuniting with his family, especially his 84-year-old mother.

Upon his return to the Dominican Republic, Mr. Arias intends to work in agriculture, where he will head a pig farm owned by his relative. The farm is abandoned,

as the owner lives in the capital, Santo Domingo. But Mr. Arias has expertise in raising pigs and will immediately set out to refurbish the farm and get it up and running. He will have the employment and resources to remain in the Dominican Republic.

At 56 years old, Mr. Arias's desire to return to the Dominican Republic to be reunited with his elderly mother and to work in agriculture underscores his personal growth and low risk of recidivism, and supports the appropriateness of a sentence that accounts for the remoteness of his prior convictions.

I. **A sentence of time served is consistent with the sentencing guidelines — and a just resolution to this case.**

Mr. Arias faces a GSR of 1-7 months, which falls within Zone B of the Sentencing Table. He has been in custody since December 23, 2024, amounting to approximately 4 months of detention to date. A sentence of time served falls within the applicable range and is therefore appropriate. Following sentencing, Mr. Arias will be transferred to immigration authorities for removal proceedings, a process that will subject him to additional detention for several weeks.

Mr. Arias humbly asks the Court to accept his genuine repentance and allow him to serve a sentence of time served, giving him the chance to continue supporting his family and demonstrating to his mother, siblings and children that he is capable of making meaningful changes in his life.

WHEREFORE, Mr. Arias respectfully requests that the Court take notice of this sentencing memorandum and sentence him to time served.

I CERTIFY that on this date I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system which will send notification of such filing to the parties of record.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 28th day of April 2025.

                                        **RACHEL BRILL**
                                        Federal Public Defender
                                        District of Puerto Rico

                                        **s/ HÉCTOR SUEIRO-ÁLVAREZ**
                                        Assistant Federal Public Defender
                                        USDC-PR 306513
                                        241 F.D. Roosevelt Ave.
                                        San Juan, PR 00918
                                        Tel. (787) 281-4922 / Fax (787) 281-4899
                                        Email: Hector_Sueiro@fd.org